UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUNICE MANJARREZ REYES (A-076-663-503),

Petitioner,

v.

CHRISTOPHER CHESTNUT, Warden of the California City Detention Facility, et al.,

Respondents.

No. 1:26-cv-03416 DJC-CSK

ORDER AND FINDINGS AND RECOMMENDATIONS

Petitioner Eunice Manjarrez Reyes (A-076-663-503), a native and citizen of Mexico who is proceeding without counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner challenges her October 2025 detention by U.S. Immigration and Customs Enforcement ("ICE"). For the reasons that follow, the Court recommends that the petition be denied.

## I. BACKGROUND

Petitioner is subject to a final removal order dated July 2, 1997, and was previously removed from the United States twice. (ECF No. 8 at 1; ECF No. 8-3 at 28-29.) Petitioner's

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17). Petitioner is also known as Eunicia Penaloza.

removal order was reinstated on October 14, 2025, when petitioner was re-detained by ICE in a targeted operation to reinstate her final removal order. (ECF No. 8 at 1, 3; ECF No. 8-3 at 28.) On April 28, 2026, an immigration judge denied petitioner withholding of removal applications. (ECF No. 8 at 1; ECF No. 8-2.) Petitioner does not respond to or contest respondents' allegations or supporting documents. (See ECF No. 8; Docket.)

On May 4, 2026, petitioner filed her habeas petition and a motion for a temporary restraining order. (ECF Nos. 1, 2.) On May 6, 2026, the district court stated that the issues raised therein appeared to mirror those previously addressed in many prior cases. (ECF No. 6.) The district court directed respondents to show cause whether there are any factual or legal issues in this case that render it distinct from the district court's prior orders in the cases identified and would justify denial of the petition. (ECF No. 6.) On May 10, 2026, respondents filed an opposition to the motion for a temporary restraining order and motion to dismiss the petition, arguing that the case is distinguishable because petitioner is subject to mandatory detention pursuant to a reinstated order of removal under 8 U.S.C. § 1231(a)(5) and petitioner has received all the process that she is due. (See ECF No. 8.) On May 13, 2026, the district court denied petitioner's motion for a temporary restraining order where the court could not currently find that petitioner had a likelihood of success on the merits because petitioner is subject to a removal order. (ECF No. 9.) The district court referred this action to the assigned magistrate judge for further proceedings. (Id.) On May 15, 2026, this Court ordered petitioner to file an opposition to the motion to dismiss and set a schedule for respondents' optional reply. (ECF No. 10.) Petitioner did not file an opposition or otherwise respond to the motion to dismiss. (See Docket.) Briefing is complete.

## II. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas

corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. The provisions of Rule 4, which are applicable to a petition filed pursuant to 28 U.S.C. § 2241, provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must not dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 4 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to respondents' motion to dismiss, or after an answer to the petition has been filed.

## III. DISCUSSION

Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes the petition as challenging her detention as prolonged in violation of the Fifth Amendment due process clause.[2] (See ECF No. 1.) Respondents argue that petitioner is subject to mandatory detention pursuant to a reinstated order of removal under 8 U.S.C. § 1231(a)(5) after petitioner was previously removed from the United States. (See ECF No. 8 at 1, 3.) Respondents also argue that petitioner has received all the process that she is due where petitioner had a reasonable fear interview with an asylum officer, had the negative reasonable fear determination reviewed by an immigration judge, had a hearing on her withholding only applications for relief, and where petitioner can appeal the denial of withholding of removal to the

[2] The petition refers to petitioner's filing of a Form I-360 with U.S. Citizenship and Immigration Services ("USCIS"), which she states "demonstrates her prima facie eligibility for humanitarian relief." (See ECF No. 1 at 4.) The status or resolution of petitioner's Form I-360 is not before this district court, however. In addition, the "legal claims" section of the petition refers to the Administrative Procedure Act ("APA"), but no allegations are made in support of an APA claim. (See ECF No. 1 at 5.) Therefore, the petition is not construed to raise an APA claim.

Board of Immigration Appeals ("BIA"). (See id. at 3.)

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order, this Court recommends that the petition for writ of habeas corpus be denied based on a finding that petitioner is mandatorily detained pursuant to a reinstated removal order under 8 U.S.C. § 1231(a)(5). (See ECF No. 8-3 at 28; ECF No. 9.) A noncitizen subject to a reinstated removal order under § 1231(a)(5) may only seek withholding of removal as relief if they fear returning to the country of removal. See Johnson v. Guzman Chavez, 594 U.S. 523, 530 (2021). A noncitizen subject to a reinstated removal order is subject to detention pursuant to 8 U.S.C. § 1231. See Johnson, 594 U.S. at 533, 542.

## IV. MOTION FOR APPOINTMENT OF COUNSEL

Petitioner filed a motion for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. The Court concludes that the interests of justice do not require appointment of counsel, and petitioner's motion for appointment of counsel is denied without prejudice.

## V. RESPONDENTS' MOTION TO DISMISS

Respondents move to dismiss the petition for lack of jurisdiction. (See ECF No. 8 at 2-3.) The Court declines to find that it lacks jurisdiction to decide the habeas petition challenging petitioner's detention, and the motion should be denied. As described above, respondents also submitted arguments on the merits and the Court reaches the merits of the petition.

## VI. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 3) is denied without prejudice.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be denied.
2. Respondents' motion to dismiss (ECF No. 8) be denied.
3. The Clerk of Court be directed to enter judgment for respondent and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 13, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/reye.3416.26.frs